UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bryam E.M., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Samuel Olson, *in his official capacity as Director of St. Paul Field Office, Immigration and Customs Enforcement*; Todd Lyons, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*; and Kristi Noem, *in her official capacity as U.S. Secretary of Homeland Security, U.S. Immigration and Customs Enforcement*, <br><br> Respondents. | Civ. No. 26-41 (JWB/ECW) <br><br><br> ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

Nicholas Ratkowski, Esq., Ratkowski Law PLLC, and Jennifer Oltarsh, Esq., Oltarsh & Associates, P.C., counsel for Petitioner.

Ana H. Voss, Esq., and Liles Harvey Repp, Esq., United States Attorney's Office, counsel for Respondents.

This case asks whether Respondents may detain a noncitizen under 8 U.S.C. § 1225(b)(2) after previously releasing him from custody under 8 U.S.C. § 1226 and placing him in removal proceedings under 8 U.S.C. § 1229. The answer is no. Because Respondents previously exercised authority to release Petitioner Bryam E.M. under § 1226, that statute—not § 1225—governs detention.

Respondents' position has already been rejected in this District. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*,

797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025). Therefore, the petition is granted to the extent that it requests release.

## BACKGROUND

Petitioner is a native and citizen of El Salvador. (*See* Doc. No. 1, Petition ¶ 10.) He entered the United States without inspection in 2017. (Petition ¶ 1.)

Petitioner was arrested in Texas pursuant to a warrant on June 7, 2017, citing INA §§ 236 and 237 as authority, for the purpose of initiating removal proceedings. (Doc. No. 1-1.) He was issued a Notice to Appear charging removability and released from custody under bond in the amount of $7,500. (*Id.*) The Notice of Custody Determination states the authority for his release on bond is pursuant to "the authority contained in section 236 of the Immigration and Nationality Act," which corresponds with § 1226. (*Id.*)

Petitioner was later ordered removed. (Petition ¶ 11.) On February 28, 2022, an immigration judge granted Petitioner's motion to reopen the removal proceedings. (*Id.*)

Petitioner married a woman who was born in the United States and is a United States citizen. (Petition ¶ 12.) They have two children who are United States citizens, both with disabilities. (*Id.* ¶¶ 1, 16.) On April 28, 2023, Petitioner's wife filed an I-130 Petition for Alien Relative, listing Bryam E.M. as the beneficiary as husband of a United States citizen. (Petition ¶ 12; Doc. No. 1-1.) While the I-130 Petition was pending, an Immigration Judge granted a joint motion to dismiss Petitioner's removal proceedings on July 11, 2024. (*Id.*) The joint motion was brought by the U.S. Department of Homeland

Security and Petitioner, and the dismissal was based on their agreement. (*Id.*) The dismissal was without prejudice. (*Id.*) The I-130 Petition was then approved on November 14, 2025, and the case was transferred to the National Visa Center of the Department of State to commence consular processing for permanent residence. (Petition ¶ 12.)

Petitioner is actively following a regulatory scheme whereby he is seeking a discretionary decision by U.S. Citizenship and Immigration Services ("USCIS") that would allow him to remain in the United States while his provisional unlawful presence waiver is pending and would ultimately allow him to obtain permanent residence through consular processing. (Petition ¶ 13.) Petitioner has paid the permanent residence fees, and he has submitted an I-601A Provisional Unlawful Presence Waiver application to USCIS. (Petition ¶ 14.) He has had no criminal history warranting mandatory detention. (Petition ¶ 16.)

On January 5, 2026, Immigration and Customs Enforcement officers blocked Petitioner's car as he was driving to work and apprehended him. (Petition ¶ 15.) He has since remained in custody at a local branch in Minnesota. (Petition ¶ 15.)

## DISCUSSION

### I.   Legal Standard

A writ of habeas corpus may issue where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of establishing, by a preponderance of the evidence, that the challenged detention lacks a lawful statutory basis. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn.

3

2025) (collecting cases).

Immigration detention, like all civil detention, must rest on an express congressional grant of authority and must bear a reasonable relation to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Section 2241 confers jurisdiction to determine whether the Executive Branch has statutory authority to detain an individual, including in the immigration context. *See id.* 687–88.

## II.   Analysis

Petitioner challenges only the lawfulness of his detention under federal law. He does not contest any removal order, the conduct of removal proceedings, or the execution of removal. Therefore, jurisdiction lies under 28 U.S.C. § 2241 to review the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is not directed at removal, statutory channeling provisions do not apply either. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

The Immigration and Nationality Act ("INA") distinguishes between inspection, removal proceedings, and detention authority. "Inspection" is the process by which immigration officers determine whether a noncitizen seeking entry at the border or a port of entry may be admitted to the United States. *See* 8 U.S.C. § 1225(a). Section 1225 governs that process and generally requires detention. *Id.*; *see also Maldonado*, 795 F. Supp. 3d at 1149.

Section 1226, by contrast, governs detention of noncitizens already present in the United States. *Jennings*, 138 S. Ct. at 846. Detention under § 1226(a) is not mandatory

and permits release on bond or recognizance. *Maldonado*, 795 F. Supp. 3d at 1149–50.

Respondents assert that Petitioner is subject to § 1225(b)(2), which mandates detention of certain "applicants for admission" pending removal proceedings. The vast majority of district courts considering that assertion, including this Court, have determined that the text, structure, and function of the INA's detention provisions all indicate that § 1225 does not apply to noncitizens in Petitioner's posture. *See Eliseo A.A. v. Olson*, Civ. No. 25-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025); *Khalid B.Q. v. Bondi*, Civ. No. 25-4584 (JWB/DJF), Doc. No. 10 (D. Minn. Dec. 18, 2025); *Xuseen A. v. Bondi*, Civ. No. 25-4514 (JWB/DJF), Doc. No. 16 (D. Minn. Dec. 19, 2025). Respondents' examples of recent orders agreeing with their statutory interpretation do not alter the outcome.

*In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), does not alter the result either. That ruling similarly conflicts with the statute's text and structure and, therefore, does not control. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (stating that only long-standing and consistent agency interpretations merit weight); *see also Belsai D.S. v. Bondi*, Civ. No. 25-3682 (KMM/EMB), 2025 WL 2802947, at *7 n.5 (D. Minn. Oct. 1, 2025).

The analysis here is straightforward. Respondents placed Petitioner in removal proceedings under § 1229a, released him from custody under § 1226, and allowed him to remain in the community for years. Nothing in the record suggests Respondents ever revoked that release based on flight risk, danger, changed circumstances, or any other

reason. Respondents even agreed to dismiss the reinstated removal proceedings without prejudice in July 2024 while Petitioner was seeking permanent residence.

Section 1225(b)(2) provides no authority to revisit Petitioner's earlier custody determinations later. The Supreme Court has consistently treated §§ 1225 and 1226 as addressing different populations at different procedural moments, not as interchangeable sources of detention authority. *Jennings*, 138 S. Ct. at 836–38. Nothing in § 1225 authorizes Respondents to revive mandatory detention just by recharacterizing a previously released noncitizen as an applicant for admission. *See, e.g.*, *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 969–70 (D. Minn. 2025). The statute contains no mechanism for that switch. Allowing Respondents to toggle between detention regimes in this way would collapse the statutory structure Congress enacted and render § 1226 largely superfluous.

On this record, Petitioner's continued detention rests on a statute and an interpretation that do not apply and is unlawful. *See Khalid B.Q.*, Civ. No. 25-4584, Doc. No. 10 at 6; *Xuseen A.*, Civ. No. 25-4514, Doc. No. 16 at 7. Thus, he is entitled to a writ of habeas corpus that grants his immediate release subject to the conditions in his original Order of Release on Recognizance. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for "unlawful executive detention").

Respondents argue that if Petitioner has been misclassified under § 1225, the proper remedy is a bond hearing under § 1226 rather than release. But a bond hearing presupposes lawful detention authority under § 1226. Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory

6

power as a mere procedural irregularity rather than a substantive defect. Habeas relief requires more because it addresses the lawfulness of custody itself, not the adequacy of procedures that might attend some other, uninvoked challenge to detention. *See Wajda v. United States*, 64 F.3d 385, 389 (8th Cir. 1995). For detention that lacks a lawful predicate, release is an available and appropriate remedy. *Munaf*, 553 U.S. at 693.

Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Because Petitioner has shown Respondents have not invoked a provision of the Immigration and Nationality Act that authorizes his continued detention, the petition for a writ of habeas corpus is granted, and Petitioner's other habeas claims are not reached.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner Bryam E.M.'s petition for a writ of habeas corpus (Doc. No. 1) is **GRANTED**.

2. Respondents shall immediately release Petitioner from custody.

3. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order.

4. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

5. Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 9, 2026                        *s/ Jerry W. Blackwell*
                                                                              JERRY W. BLACKWELL
                                                                              United States District Judge